**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAVID S. PETERSON,

      Petitioner,

v.                                          CIV 05-1175 JH/WPL

ROBERT ULIBARRI, WARDEN, AND
PATRICIA MADRID, ATTORNEY GENERAL,

      Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

David S. Peterson has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that several state judges have conspired to suspend the writ of habeas corpus.  He also seeks forfeiture of $1000 from each of the judges pursuant to a state statute.  The matter is before me now on Respondents' motion to dismiss and memorandum in support and Peterson's response.  For the reasons that follow, I recommend that the motion to dismiss be granted.

**THE PARTIES' CONTENTIONS**

Peterson is confined in the Southern New Mexico Correctional Facility.  (Pet. at 2.)  The parties agree that he has two habeas petitions pending in state district court.  (*Id.* at 4; Mem. Supp. Mot. Dismiss at 2-4.)

Peterson alleges that three state district judges conspired to suspend the writ of habeas corpus by assigning an excessive number of cases to a public defender, thus overburdening the public defender and thwarting the prosecution of habeas petitions.  (Pet. at 3-4.)  He further alleges that the justices of the state supreme court tacitly approve of the suspension of the writ.  He claims that he has filed petitions for writ of mandamus in the state supreme court to compel a ruling on his habeas

petitions.  (*Id.* at 4-5.)

Peterson requests that this Court "disband and terminate" the judges' conspiracy.  (*Id.* at 5.) He also requests forfeiture of $1000 from each judge pursuant to N.M. CODE ANN. § 44-1-8, which provides for forfeiture of this sum if any officer authorized to grant a writ of habeas corpus willfully refuses to do so when the writ was applied for legally.  Peterson asserts that this Court has supplemental jurisdiction over the New Mexico statutory claim.  (*Id.* at 2, 5-6.)

Respondents argue that Peterson has not exhausted his claims because he failed to raise them in his state habeas petitions.  (Mem. Supp. Mot. Dismiss at 1.)  They do not address Peterson's assertion that he raised his claims through petitions for writs of mandamus.  Respondents also argue that Peterson's claims are not cognizable in habeas.  (*Id.* at 4-5.)

Respondents concede that there has been "some delay" in the prosecution of Peterson's state habeas petitions, but assert that the delay has not been caused by a conspiracy of the judges and has not resulted in a suspension of the writ.  (*Id.* at 2.)  According to the exhibits attached to Respondents' answer, Peterson filed habeas petitions in 2002 and 2003.  (Answer Ex. B, C.) The state supreme court remanded the 2002 petition for an evidentiary hearing in November 2003.  (*Id.* Ex. F.)   The petition was then consolidated with other petitions for a while, before being removed from the consolidated case in October 2004.  (*Id.* Ex. G, H.)  Respondents claim that Peterson's court-appointed counsel has not subsequently requested a setting for the evidentiary hearing ordered by the supreme court.  The 2003 petition was transferred from one judicial district to another in April 2005, based on Peterson's motion for change of venue.  (*Id.* Ex. K, M.)  Respondents claim that Peterson's court-appointed attorney in that case also has not requested a setting for an evidentiary hearing.

## DISCUSSION

I find it unnecessary to address the parties' arguments regarding exhaustion because it is clear that Peterson's conspiracy claim is not cognizable in habeas. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

Under 28 U.S.C. § 2241, a writ of habeas corpus may issue when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Claims of state law violations are not cognizable in a federal habeas action. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Peterson bases his habeas claim on Article I, Section 9 of the United States Constitution, which generally prohibits the suspension of the writ of habeas corpus. This provision applies only to federal action, not state action. *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917); *Geach v. Olsen*, 211 F.2d 682, 684 (7th Cir. 1954). The alleged conspiracy by the state judges thus could not violate Article I, Section 9.

Moreover, there is no federal constitutional right to state post-conviction review. *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). There is also no federal constitutional right to effective assistance of counsel in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Delays in post-conviction proceedings do not give rise to due process violations that are cognizable in federal habeas. *See Body v. Watkins*, 51 F. App'x 807, 810 (10th Cir. 2002) (unpublished). Based on these authorities, an allegation of a conspiracy to delay state post-conviction review by overburdening public defenders with cases would also not be cognizable in habeas. *Cf. Steele v. Young*, 11 F.3d 1518, 1523-24 (10th Cir. 1993) (claim that state post-conviction procedures amounted to a

"systematic scheme" to deny due process held not cognizable).

For these reasons, Peterson's habeas claim should be dismissed with prejudice.  Because this claim should be dismissed, the Court should decline to exercise supplemental jurisdiction and dismiss Peterson's New Mexico statutory claim without prejudice.  *See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138-39 (10th Cir. 2004).[1]

### RECOMMENDATION

I recommend that the motion to dismiss (Doc. 9) be granted, the petition for writ of habeas corpus (Doc. 1) be denied, the habeas claim be dismissed with prejudice, and the New Mexico statutory claim be dismissed without prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Tenth Circuit has held that New Mexico judges cannot be held liable under N.M. STAT. ANN. § 44-1-8 because they have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties. *See Wiggins v. N.M. State Supreme Court Clerk*, 664 F.2d 812, 814-15 (10th Cir. 1981).